# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRIMINAL PRODUCTIONS, INC.,**

      **Plaintiff,**

                                      **CASE NO.: 6:16-cv-01730-RBD-GJK**

**v.**

**GREGORY COFFMAN, a/k/a
JOHN or JANE DOE subscriber
assigned IP Address 184.90.136.252,**

      **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
### (Injunctive Relief Sought)

Plaintiff, Criminal Productions, Inc. ("Criminal Productions"), sues Defendant, James Couch, a/k/a John or Jane Doe subscriber assigned IP Address 184.90.136.252 ("Defendant"), and alleges the following:

### PARTIES

1.     Plaintiff is a Nevada company that owns the copyright for the mainstream motion picture *Criminal* (the "Motion Picture").

2.     Defendant is a resident of Seminole County, Florida.

### JURISDICTION AND VENUE

3.     This is a suit for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C.

§§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Defendant is a resident of Sanford, Seminole County, Florida.

5.  In addition, this Court has personal jurisdiction over Defendant because Defendant resides within this judicial district and committed acts of copyright infringement and contributory copyright infringement within this judicial district. Accordingly, Defendant should anticipate being haled into court in this state and judicial district.

### GENERAL ALLEGATIONS

6.  Defendant acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute Plaintiff's copyrighted Motion Picture by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent.

7.  P2P networks, at least in their most common form, are computer systems that enable Internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or "peers"; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another via the Internet. The particular P2P protocol at issue in this suit is called "BitTorrent."

8.  Defendant participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of Plaintiff's Motion Picture. Defendant illegally uploaded and shared Plaintiff's Motion Picture within the swarm.

9.  Defendant was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

10.     Plaintiff's investigator verified Defendant's participation in the swarm by downloading at least a portion of the Motion Picture from Defendant.

11.     Defendant initiated his infringing conduct by first intentionally logging into one of the many BitTorrent client repositories known for their large index of copyrighted movies, television shows, and software.  Defendant then intentionally obtained the torrent file at issue in this suit, SHA1: F674592E5A86BB866B150545F6ABCC18640755A9 ("Hash SHA1:F674"), for Plaintiff's Motion Picture from the index and intentionally loaded that torrent file into a computer program designed to read such files.

12.     The particular file a BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency).  The hash file identified above provides access to an unauthorized copy of Plaintiff's copyrighted Motion Picture.

13.     With the torrent file intentionally loaded by Defendant, his BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and "sharing" copies of the digital media described in Hash SHA1:F674, namely, Plaintiff's Motion Picture.  The program then coordinated the copying of Plaintiff's Motion Picture to Defendant's computer from other users, or peers, sharing the film.  As the Motion Picture was copied to Defendant's computer piece by piece, these downloaded pieces of Plaintiff's Motion Picture were then immediately available to all other peers from Defendant's computer.

14.     By performing these acts, Defendant immediately became an uploader, meaning that Defendant's downloaded pieces were immediately available to other users

seeking to obtain the file, without degradation in sound or picture quality. It is in this way that Defendant simultaneously illegally copied and distributed Plaintiff's Motion Picture.

15. This interactive, simultaneous data-sharing connection, referred to as a "swarm," leads to a rapid spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any user that has downloaded a piece prior to the time a subsequent user downloads the same file is automatically a source for the subsequent user so long as that prior user is online at the time the subsequent user downloads a file. Thus, after a successful download of a piece, the piece is made available to all other users.

16. Through this process, Defendant's distribution of even a single unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. In this case, Defendant's copyright infringement built upon the prior infringements, resulting in a cascade of infringement.

17. In addition, because a BitTorrent swarm is a collective enterprise where each downloader is also an uploader, the group of uploaders collaborates to speed the completion of each download of the file.

18. Upon information and belief, Defendant also acted in concert with other swarm members by linking together globally through use of a Distributed Hash Table. A Distributed Hash Table is a sort of worldwide telephone book, which uses each file's "info-hash" (a unique identifier for each torrent file) to locate sources for the requested data. Thus, swarm members are able to access a partial list of swarm members rather than being filtered through a central computer called a tracker. Allowing members of the swarm to

rely on individual computers for information not only reduces the load on the central tracker, but also means that every person that is sharing this data is also helping to hold this worldwide network together.

19.     Defendant's infringing activity described above allows Defendant and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's Motion Picture, for which a substantial amount of time, money, and effort was spent to produce, market, and distribute it.

20.     Plaintiff subpoenaed the Internet Service Provider ("ISP") that issued Defendant's Internet Protocol ("IP") address 184.90.136.252, in order to learn the identity of the account holder for that IP address at the time of the infringement.  The ISP identified Defendant as the account holder.

## THE COPYRIGHT

21.     Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright law with respect to the Motion Picture.

22.     The Motion Picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

23.     Plaintiff, Criminal Productions, as the owner, holds the copyright registration on the Motion Picture, including Copyright Registration Number PA 1-984-029 (the "'029 Copyright").  *See* Exhibit A, Proof of Registration.

24.     Under the Copyright Act, Criminal Productions owns all right, title, and interest in the '029 Copyright, including the right to sue for past infringement.

25.     Defendant had notice of Plaintiff's copyright rights.

## DEFENDANT'S COPYRIGHT INFRINGEMENT

26.     Plaintiff, through an investigator, recorded Defendant actually publishing the Motion Picture via BitTorrent and Plaintiff's investigator downloaded the Motion Picture from Defendant on May 22, 2016 at 01:17:09, UTC.

27.     Plaintiff's Motion Picture is easily discernible as a professional work.  The Motion Picture was created using well-known actors and actresses (including Kevin Costner and Ryan Reynolds), directors, cinematographers, lighting technicians, set designers, and editors.  The Motion Picture was created with professional-grade cameras, lighting, and editing equipment.

28.     Defendant, without authorization, copied and distributed the audiovisual Motion Picture owned by, and registered to, Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3).

29.     Defendant owns or otherwise had control of a computer connected to the Internet via an IP address that contained – or possibly still contains – a torrent file identifying Plaintiff's copyrighted Motion Picture.  Defendant's computer also contained or still contains Plaintiff's copyrighted Motion Picture, which was downloaded using the information encoded in the torrent file.

30.     Defendant republished and duplicated Plaintiff's Motion Picture in an effort to deprive Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

31.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Plaintiff is, and at all relevant times has been, the copyright owner of the Motion Picture infringed upon by Defendant.

33.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute the Motion Picture to the public.

34.     Defendant, without Plaintiff's permission or consent, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others.  In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

35.     The IP address used by Defendant is also associated with other file sharing activities relating to numerous copyright protected works of others, which activities occurred close in time to the infringement of Plaintiff's Motion Picture.  Therefore, Defendant appears to be a serial copyright infringer who has demonstrated a repeated and blatant disregard for the prohibitions against copyright infringement contained within the Copyright Act and the rights of copyright owners.

36.     Defendant's acts of infringement have been willful, intentional, and in disregard of, and with indifference to, the rights of Plaintiff.

37.     As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

38.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.  Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorneys' fees; and

E.  Granting all such other and further relief as the Court deems proper.

**COUNT II**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

39.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 30 and 32 through 36 as if fully set forth herein.

40.     Defendant, without the permission or consent of Plaintiff, participated in a BitTorrent swarm directed at making the Motion Picture available for distribution to Defendant as well as others, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others.  In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution.

41.     By participating in the BitTorrent swarm with other persons, Defendant induced, caused, or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other swarm members.

42.     Defendant's acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

43.     As a result of Defendant's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further

contributing to the infringement of Plaintiff's copyright and ordering that Defendant destroy all copies of the copyrighted motion picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.    Preliminarily and permanently enjoining Defendant from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

B.    Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C.    Awarding Plaintiff's costs;

D.    Awarding Plaintiff's reasonable attorneys' fees; and

E.    Granting all such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 20, 2017                    Respectfully submitted,


                                            s/ Richard E. Fee
                                            Richard E. Fee
                                            Florida Bar No. 813680
                                            Catherine F. Yant
                                            Florida Bar No. 104852
                                            IP ENFORCEMENT LAW GROUP P.A.
                                            1227 N. Franklin Street
                                            Tampa, Florida 33602
                                            (813) 490-6050
                                            (813) 490-6051 (Facsimile)
                                            rfee@IPEnforcementLaw.com
                                            cyant@IPEnforcementLaw.com
                                            admin@IPEnforcementLaw.com

                                            Counsel for Plaintiff,
                                            Criminal Productions, Inc.